**In re Allan Burl McLEROY and Wanda Fay McLeroy, Debtors.**

**Bankruptcy No. 89–11487–K.**

United States Bankruptcy Court, W.D. Tennessee, E.D.

Oct. 24, 1989.

Lloyd A. Utley, Jackson, Tenn., for debtors.

R. Bradley Sigler, Jackson, Tenn., for Bank of Commerce.

Ernie H. Gray, Jackson, Tenn., Standing Chapter 13 trustee.

Jimmy L. Croom, Memphis, Tenn., for U.S. trustee.

## MEMORANDUM RE ELIGIBILITY OF UNEMPLOYED SPOUSE TO FILE A JOINT PETITION FOR RELIEF UNDER CHAPTER 13 OF BANKRUPTCY CODE WITH EMPLOYED SPOUSE

DAVID S. KENNEDY, Chief Judge.

Query, is an unemployed spouse eligible to file a joint petition for relief under chapter 13 of the Bankruptcy Code with an employed spouse? The answer is in the affirmative.

### BACKGROUND INFORMATION

The relevant background information may be very briefly summarized as follows: On September 15, 1989, Allan Burl McLeroy ("Mr. McLeroy") and Wanda Fay McLeroy ("Mrs. McLeroy"), the above-named consumer debtors, filed an original joint petition for relief under chapter 13 of the Bankruptcy Code. Admittedly, Mrs. McLeroy is gainfully employed; however, her husband, Mr. McLeroy, is unemployed, but has applied for social security disability benefits.

A creditor of Mr. and Mrs. McLeroy has challenged Mr. McLeroy's right to relief under chapter 13 based solely on the ground that he is not an individual with regular income.

### DISCUSSION

One of the most significant changes made by chapter 13 of the Bankruptcy Code relates to eligibility for relief. Now, any individual whose income is sufficiently stable and regular so that payments under a chapter 13 plan can be made, except for stockbrokers or commodity brokers, qualifies as an individual with regular income. See H.R.Rep. No. 95–595, 95th Cong., No. 1st Sess. 312 (1977), U.S.Code Cong. and Admin.News 1978, pp. 5787, 6269. Such an individual and his or her spouse may also be eligible for relief under chapter 13. Specifically, 11 U.S.C. § 109(e) provides as follows:

> "*Only an individual with regular income*[1] that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 *or an individual with regular income and such individual's spouse,* except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 *may be a debtor under chapter 13 of this title.*" (emphasis added.)

Because it is common for spouses to have joint obligations and properties, it is often necessary for a husband and wife to file petitions for relief under the Bankruptcy Code. 11 U.S.C. § 302 permits a husband and wife to file a *joint* petition, which

---

1. 11 U.S.C. § 101(29) provides that "individual with regular income" means:

"individual whose income is sufficient stable and regular to enable such individual to make payments under a plan under chapter 13 of this title other than a stockbroker or a commodity broker."

commences a *joint case*. 11 U.S.C. § 302, styled "Joint cases", provides as follows:

"(a) *A joint case* under a chapter of this title *is commenced by the filing* with a bankruptcy court *of a single petition* under such chapter *by an individual that may be a debtor under such chapter and such individual's spouse.* The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter. (emphasis added.)

"(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated."

## CONCLUSIONS

11 U.S.C. § 109(e) specifies eligibility for chapter 13 relief and clearly provides, inter alia, that an individual with regular income, *or an individual with regular income and the individual's spouse,* may proceed under chapter 13. Mrs. McLeroy is an individual with regular income, and Mr. McLeroy is her spouse. In Lee, "Chapter 13 nee Chapter XIII", 53 Am.Bankr.L.J. 303, 304 (1979), the Honorable Joe Lee, United States Bankruptcy Judge Eastern District of Kentucky, states as follows:

"An unemployed spouse is eligible to file a joint petition with an employed spouse."

Accordingly, Mr. McLeroy, as an unemployed spouse, is eligible to file a joint chapter 13 petition with Mrs. McLeroy, his employed spouse. An appropriate order will be entered.

The foregoing shall constitute findings of fact and conclusions of law in accordance with Bankr.Rule 7052.